Janelle M. Carman-Wagner                    The Hon. Mary K. Dimke
Carman Law Office, Inc.
6 E. Alder St. Suite 418
Walla Walla, WA 99362

## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br> Plaintiff,<br><br>v.<br><br>VICKY VILLALOBOS, et. al.,<br><br> Defendants. | Docket No.   4:2024-cr-06018-MKD<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PRE-TRIAL DETENTION**<br><br>7/30/2024 11:15 A.M. |

COMES NOW Defendant, Vicky Villalobos, by and through her attorney, Janelle Carman-Wagner, with this Memorandum in Opposition to the Government's Motion for Detention filed herein.

### I. STATEMENT OF MATERIAL FACTS

The following circumstances are relevant to the Court's analysis of whether Vicky Villalobos should be held in detention pre-trial:

| Memorandum in Opposition<br><br>4:2024-cr-06018-MKD | 1 | CARMAN LAW OFFICE, INC.<br>6 E. Alder Street, Ste. 418<br>Walla Walla, WA  99362<br>(509) 529-1018, Phone |

1. Vicky Villalobos has grown up in Walla Walla. She graduated from Walla Walla School in 1994. She then attended Walla Walla Community College, where she studied criminal justice until approximately 1996.

2. She has consistently resided in the Walla Walla community (with a brief stay in Seattle around 2010). Her three siblings, Veronica, Viviana, and Jose, Jr., all reside in the community. They see each other daily during the work week for lunch at their parents' home. On the weekends, they also gather for family meals with their parents. On information and belief, Veronica, Viviana, and Jose, Jr. do not have any criminal history.

3. Ms. Villalobos' parents, aged 73 and 72 respectively, have health conditions that are relevant to the analysis herein. Maria Villalobos is in recovery from cancer. She manages her blood pressure and diabetes with medication, but does rely on her children, including Vicky, for support. Jose Villalobos, Sr., had a liver transplant. He also struggles with high blood pressure and has memory challenges. He too relies on his children, including Vicky, for assistance. Both parents are primarily (and almost solely) Spanish speaking.

4. Previously, Ms. Vicky Villalobos worked in various positions, including caregiving (both adults and disabled children), in a warehouse, as a

| Memorandum in Opposition | 2 | CARMAN LAW OFFICE, INC. |
|---|---|---|
| 4:2024-cr-06018-MKD | | 6 E. Alder Street, Ste. 418 Walla Walla, WA  99362 (509) 529-1018, Phone |

forklift driver, as a supervisor for a Boeing subcontractor, and as a clerk at Sandy's U-Rent.  She has not been employed since 2015 (see ¶ 6, below).

5. In or around 2007, Ms. Villalobos was charged and later convicted of a federal drug crime. She served approximately three- and one-half years in prison and was released in 2012.  She has had no convictions since that time.

6. In 2015, Ms. Villalobos suffered an on-the-job injury resulting in severe back, shoulder, and hip injuries on her right side.  There is no factual or legal dispute whether Ms. Villalobos is disabled or whether she suffered an on the job injury.  Labor and Industries accepted her claim and provided medical treatment.  She has already had surgery on her shoulder and right hip.  A second surgery is needed for four labral tears, and a procedure on her sciatic nerve has been requested.  Labor and Industries has referred her for a 30-day pain control and orthopedic program at the University of Washington, and wanted her to complete the program before the additional medical procedures.  She objected, believing that the surgery needed to occur first.  That issue is presently

| Memorandum in Opposition | 3 | CARMAN LAW OFFICE, INC. |
|---|---|---|
| 4:2024-cr-06018-MKD | | 6 E. Alder Street, Ste. 418<br>Walla Walla, WA  99362<br>(509) 529-1018, Phone |

on administrative appeal, where Ms. Villalobos is represented by counsel.

7.  Ms. Villalobos will need to continue her medical treatment on her lower back and right hip.  She further suffers from 20 polyps in her stomach which are being actively monitored for cancer.  She has diverticulitis.

8.  Ms. Villalobos has medication prescribed for her nerve pain, anxiety, blood pressure, and depression.  Her medical providers are in Walla Walla and Tri-Cities, and she has additionally been referred to the University of Washington, as noted above.

9.  On the Fourth of July this year, Ms. Villalobos suffered an eye injury from a firework, resulting in an ER visit and a referral from her primary doctor to a specialist.  This will require medical attention to prevent permanent damage to her eye from a specialist.

10. Ms. Villalobos has been accepted as disabled by Social Security. She receives a monthly payment for this disability. In addition, she receives additional funds through Labor and Industries related to the industrial injury.

11. Ms. Villalobos has a long-term dating relationship with Monica Marin. Ms. Marin has a child with whom Ms. Villalobos has a positive

| Memorandum in Opposition | 4 | CARMAN LAW OFFICE, INC. |
|---|---|---|
| 4:2024-cr-06018-MKD | | 6 E. Alder Street, Ste. 418 Walla Walla, WA  99362 (509) 529-1018, Phone |

relationship. The couple does not live together.  Ms. Marin has a separate residence in Walla Walla.

12. At the time of the arrest, Ms. Villalobos was residing with Roger Gutierrez, who is now a co-defendant.  He has already agreed that he will not be returning home.

13. Ms. Villalobos has access to a vehicle from her mother and her father, and she pays to insure her use of both vehicles.

14. Ms. Villalobos has adequate funds to pay for electronic home monitoring, if that is required by the Court.

15. Ms. Villalobos has a passport in the control of her mother.  The attorney undersigned has asked that this passport be delivered to her, which is agreeable to both Ms. Villalobos and her mother.

## II. <u>POINTS & AUTHORITIES IN OPPOSITION TO  MOTION</u>

Release of Ms. Villalobos is appropriate pretrial.

Under the Bail Reform Act, pretrial detention is permitted only if a judicial officer determines that there is <u>no condition</u> of release, <u>or combination of conditions</u>, which would reasonably assure the appearance of the defendant and the safety of the community. *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019); *see* 18 U.S.C. § 3142(e)(1).  In such a motion for detention,

| Memorandum in Opposition<br><br>4:2024-cr-06018-MKD | 5 | CARMAN LAW OFFICE, INC.<br>6 E. Alder Street, Ste. 418<br>Walla Walla, WA  99362<br>(509) 529-1018, Phone |
|---|---|---|

the government bears the burden of showing that the defendant poses a flight risk. *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). The government cannot meet its burden here.

After all, any doubts regarding the propriety of pretrial release are to be resolved in favor of the defendant. *See United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). Ultimately, the Bail Reform Act, 18 U.S.C. § 3142, requires the release of a person pending trial unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1). Thus, the statutory presumption is first in favor of release on personal recognizance or on an unsecured appearance bond in an amount specified by the court. 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

There are, of course, four statutory factors, outlined in 18 U.S.C. § 3142(g), to be considered in making a determination if Vicky Villalobos is a risk of non-appearance or a danger to the community. The Bail Reform Act directs a district court to assess a variety of factors in determining whether there are conditions which would reasonably assure the defendant's presence. *Diaz-Hernandez*, 943 F.3d at 1198. These include nature, severity, and circumstances of the offense

| Memorandum in Opposition | 6 | CARMAN LAW OFFICE, INC. |
|---|---|---|
| 4:2024-cr-06018-MKD | | 6 E. Alder Street, Ste. 418 Walla Walla, WA 99362 (509) 529-1018, Phone |

charged, the history and characteristics of the defendant, and the weight of evidence. *Id*.; *see* 18 U.S.C. § 3142(g).  Thus, such inquiry is individualized for the particular defendant.

Ms. Villalobos acknowledges that the charges against her are serious. However, when she previously faced charges, she attended all hearings and cooperated with counsel.  Here, she has cooperated with the interview with probation to evaluate her suitability for pre-trial release.  While a firearm was located on premises, there is no allegation that it was used in the commission of the crimes charged, for which she is, of course, presumed innocent.

Ms. Villalobos has had no arrests, charges or convictions for 12 years. During that time, she has been employed, she has developed and maintained family and dating relationships, and has been employed lawfully in the community.  She was injured on the job and has cooperated with the state administrative agency in securing treatment.   She is a part of the Walla Walla community.

Next, the weight of the evidence against Ms. Villalobos in the instant case has not been evaluated by this attorney given the fact that discovery has not been provided at this juncture of the case. However, it is not challenged that this prong of the analysis is given the least weight in the evaluation of pretrial release.

| Memorandum in Opposition<br><br>4:2024-cr-06018-MKD | 7 | CARMAN LAW OFFICE, INC.<br>6 E. Alder Street, Ste. 418<br>Walla Walla, WA  99362<br>(509) 529-1018, Phone |
|---|---|---|

Based on the foregoing, given that this is a non-violent (albeit serious) charge, the presumption of release without restriction should apply. However, even if this Court determines that such unconditional release is not appropriate here, in considering the above, there conditions can be put in place that secure Ms. Villalobos' appearance at future hearings, protect the community, and provide for pretrial release.

Ms. Villalobos has explained that she has a residence where she will be living alone with her four dogs. She can be ordered not to engage with any contact with co-defendants or persons who are identified as witnesses in the case. She can be ordered to remain in the home and only to leave for legal appointments, court hearings, and medical/mental health care.

Ms. Villalobos resides in the heart of Walla Walla, near her parents and adult siblings. She has deep ties to the Walla Walla community. Her sisters, brother, and parents meet daily for lunch during the workweek. On the weekend, they meet for family dinners. This is an involved family. None of the family members are known to this author of having any criminal history. She can be placed either on house arrest or under electronic home monitoring. She has explained in her pre-release interview with probation personnel that she has funds sufficient to pay for this monitoring device. This will provide real-time evidence

| Memorandum in Opposition | 8 | CARMAN LAW OFFICE, INC. |
|---|---|---|
| 4:2024-cr-06018-MKD | | 6 E. Alder Street, Ste. 418 Walla Walla, WA 99362 (509) 529-1018, Phone |

of Ms. Villalobos' location, which thereby would serve to give assurances that Ms. Villalobos does not pose a risk to the community nor a risk not to appear.

As noted herein, Ms. Villalobos is disabled, and is presently undergoing a number of medical treatments necessitated from a workplace injury that has been accepted for Labor and Industries coverage. She has fairly extensive medical needs, and it will pose a hardships for those medical needs to be met adequately while in custody. Declining pre-trial detention permits these medical conditions to be addressed adequately.

Ms. Villalobos can be required to release her passport to prevent any international travel. These conditions will assure that Ms. Villalobos attends to her Court hearing obligations without being detained.

Finally, should the Court determine that a bond is appropriate, then a reasonable bond could be set. Ms. Villalobos has indicated that family could assist with providing collateral sufficient to satisfy both safety to the community and appearance *United States v. Diaz-Hernandez*, 943 F.3d at 1199. Otherwise, such condition results in a de facto pretrial detention (holding that the imposition of a bond to secure the defendant's appearance at trial is an option so long as the bond is one that is reasonably available to the defendant; *see also United States v.*

| Memorandum in Opposition<br><br>4:2024-cr-06018-MKD | 9 | CARMAN LAW OFFICE, INC.<br>6 E. Alder Street, Ste. 418<br>Walla Walla, WA  99362<br>(509) 529-1018, Phone |
| --- | --- | --- |

*Westbrook*, 780 F.2d 1185, 1187 n. 3 (5th Cir.1986) (if bond is not reasonably attainable, it becomes a de facto detention).

Here, pretrial detention is not required in order to secure Ms. Villalobos' appearance for future court hearings, nor for the safety of the community. Unconditional release is appropriate. Alternatively, reasonable conditions can be imposed such as house arrest, electronic home monitoring, or assessment of a reasonable bond.

Respectfully Submitted this 29th day of July, 2024

> s/ Janelle M. Carman-Wagner
>
> By: Janelle M. Carman-Wagner
> WSBA # 31537 for Vicky Villalobos
>
> 6 East Alder Street, Ste 418
> Walla Walla, Washington 99362

| Memorandum in Opposition | 10 | CARMAN LAW OFFICE, INC. |
|---|---|---|
| 4:2024-cr-06018-MKD | | 6 E. Alder Street, Ste. 418<br>Walla Walla, WA  99362<br>(509) 529-1018, Phone |

## CERTIFICATION OF SERVICE

I hereby certify that on the date provided below, I electronically filed this MEMORANDUM IN OPPOSITION TO PRETRIAL DETENTION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

AUSA Brandon L. Pang via email to Brandon.Pang@usdoj.gov

AUSA Rebecca. R. Perez via email at Rebecca.Perez@usdoj.gov;

To Kenneth D. Therrien, attorney for Faye Cariveau, at kentherrien@msn.com;

To Nicholas W. Marchi, attorney for Saul Garanzuay,  at nmarchi@carmarlaw.com;

To the attorneys for Kelly Lee, John G. Lockwood, at jgregorylockwood@hotmail.com; and Richard Smith, at rasmith@house314.com;

To Sandy Baggett, attorney for Rogelio Gutierrez, Jr., at sdbaggett@hotmail.com;

I certify under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Dated this 29th day of July, 2024, at Walla Walla, Washington.

/s/ Janelle M. Carman-Wagner
Janelle M. Carman-Wagner

| Memorandum in Opposition | 11 | CARMAN LAW OFFICE, INC. |
|---|---|---|
| 4:2024-cr-06018-MKD | | 6 E. Alder Street, Ste. 418 Walla Walla, WA  99362 (509) 529-1018, Phone |