FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:24-CR-06018-MKD-1 |
| Plaintiff, | ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION |
| v. | |
| VICKY VILLALOBOS, | **ECF No. 36** |
| Defendant. | |

On Tuesday, July 30, 2024, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 36). Defendant was represented by retained counsel Janelle Carman-Wagner. Assistant United States Attorneys Rebecca Perez and Brandon Pang represented the United States.

The Court has considered the Indictment (ECF No. 1), the Pretrial Services Report (ECF No. 75), and the arguments of counsel.

The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. 18 U.S.C. § 3142(a). The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§

ORDER - 1

3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community").

Pursuant to 18 U.S.C. § 3142(g), the Court must consider the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

The United States contended that if released, Defendant would present both

ORDER - 2

a risk of nonappearance and a danger to the safety of the community.  Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

The United States has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3).  ECF No. 36.  In such a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community" if there is probable cause to believe that the defendant committed "an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.) . . . .".  18 U.S.C. § 3142(e)(3)(A).  The Court agrees that the rebuttable presumption applies in the instant case because Defendant has been charged with violating 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(vi), (b)(1)(C).  *See* ECF No. 1.

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's risk of nonappearance and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be

ORDER - 3

weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to determine whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released.

As to the first factor, Defendant is charged with conspiring to distribute methamphetamine, cocaine, and fentanyl. Specifically, Defendant is alleged to have led the conspiracy, and the Government further proffered that she is alleged to have sold firearms and that a pistol was seized from her residence. As noted above, due to the nature of these charges, there is a rebuttable presumption of detention in this case. Therefore, this factor weighs in favor of detention.

As to the second factor, the weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). However, the Government's proffer concerning a confidential informant and controlled transaction indicates a strong case. Therefore, this factor weighs in favor of detention.

ORDER - 4

As to the third factor, Defendant has previously been convicted for a drug trafficking felony, making the seizure of a pistol and the allegations of firearm sales all the more concerning.  Furthermore, Defendant is known to associate with an 18th Street Sureño gang and has ties to Mexico that cannot be outweighed by her ties to this District.  Therefore, this factor weighs in favor of detention.

As to the fourth factor, Defendant's criminal history and associations coupled with the seizure of a firearm presents the Court with a profound concern for community safety that is only amplified by the underlying offense conduct: the Court sees all too often the tragic results that can occur when fentanyl is distributed in conjunction with other controlled substances..  Therefore, this factor weighs in favor of detention.

The Court finds that Defendant has overcome the rebuttable presumption of detention in this matter.  However, the presumption "is not erased" but instead becomes another factor to be weighed alongside the § 3142(g) factors.  *Hir*, 517 F.3d at 1086.  And upon considering these five factors, the Court finds that the United States has established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's appearance as required.  Furthermore, the United States has established by clear and convincing evidence that Defendant poses a

ORDER - 5

present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 36**) is **GRANTED**.

2. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

3. Any motion to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f) shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial

ORDER - 6

services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

4.      If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge.  *Id*.

ORDER - 7

5.    Defendant is bound over to Judge Mary K. Dimke for further proceedings.

**IT IS SO ORDERED.**

DATED August 2, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 8