Todd Blanche
Deputy Attorney General
Rebecca R. Perez
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

         v.

FAYE CARIVEAU,

                Defendant.

Case No.: 4:24-CR-6018-MKD-2

UNITED STATES' NOTICE OF REVIEW AND OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Plaintiff United States of America, by and through Rebecca Perez, Assistant United States Attorneys for the Eastern District of Washington, respectfully submits the United States has reviewed the Draft Presentence Investigation Report ("PSIR").

The United States objects to the role adjustment under USSG 3B1.2(b) which is outlined in paragraph 99 of the draft PSIR.

Under that section and the commentary, this subsection may be applicable for "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 Commentary note 3 (A). Examples in the commentary include a defendant who was

NOTICE OF REVIEW OF PRESENTENCE INVESTIGATION REPORT - 1

convicted of a drug trafficking offense but whose participation was limited solely to storage or transportation and is accountable for far less than the quantity under the entire conspiracy. "The defendant bears the burden of proving that he or she is entitled to a downward adjustment." *United States v. Diaz,* 884 F.3d 911, 914 (9th Cir. 2018).

Commentary note 3(C) provides factors to consider in deciding whether the defendant was a minimal, minor, or intermediate participant: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from criminal activity. "…[D]istrict courts must consider all of these factors when determining whether to grand a mitigating role adjustment." *United States v. Rodriguez,* 144 F.4th 1229, 1234 (9th Cir. 2022).

Importantly here, the commentary note 3(B) indicates the following: "if a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant in not substantially less than culpable than a defendant whose only

NOTICE OF REVIEW OF PRESENTENCE INVESTIGATION REPORT - 2

conduct involved the less serious offense." The example provided in the note specifically states that a defendant originally charged with a larger conspiracy but who is ultimately convicted of a simple possession offense would not benefit from a role reduction—the lower role is already accounted for by the decreased charge.

So too here. The base offense level as stated in the plea agreement and in the draft PSIR paragraph 96 is 24. This level is accurate and reflects only the behavior with Defendant herself engaged in. The conspiracy as originally charged encompassed a much larger amount of drugs. But Defendant here was convicted of a leser offense and was held accountable for lesser amounts of drugs. As indicated in paragraph 96 accounts for three different amounts of drugs, rather than the entirety of the controlled substances possessed and distributed by the conspiracy. Therefore, the base offense level correctly accounts for only the controlled substances which Defendant distributed—not the conduct of others in the conspiracy.

Therefore, although the scope of the conspiracy is much larger than Defendant's conduct, the discrepancy is already accounted for in the base offense level. No further role reduction is necessary because Defendant's lesser involvement is reflected in the base offense level.

Dated this 25th day of February 2026

Todd Blanche
Deputy Attorney General

*s/ Rebecca Perez*
Rebecca Perez
Assistant United States Attorney

NOTICE OF REVIEW OF PRESENTENCE INVESTIGATION REPORT - 3

## CERTIFICATION

I hereby certify that on February 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

*s/ Rebecca Perez*
Rebecca Perez
Assistant United States Attorney

NOTICE OF REVIEW OF PRESENTENCE INVESTIGATION REPORT - 4